WILLINGS (CONSEQUA v.). See Case No. 3,128.

## Case No. 17,768.
### WILLINK v. MILES.
[Pet. C. C. 429.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

EJECTMENT — EVIDENCE — ACKNOWLEDGMENT OF DEED — AUTHORITY OF OFFICER — EQUITABLE TITLE.

1. It is not necessary to produce the deed poll, from the person in whose name the application was made for a tract of land, in order to support the title of the plaintiff in an ejectment for the land; the plaintiff having obtained the warrant and paid the purchase money.
[Cited in Herron v. Dater, 120 U. S. 472, 7 Sup. Ct. 624.]

2. The acknowledgment of a deed, before a person who styles himself a justice of the court of common pleas, is prima facie evidence that he was such; and it is not necessary to produce the commission of the justice, until

[1] [Reported by Richard Peters, Jr., Esq.]

some evidence is given to render the fact questionable.

[Cited in brief in Com. v. Gearing, 1 Allen, 595. Cited in Piland v. Taylor (N. C.) 18 S. E. 72. Cited in brief in Wright v. Waters, 32 Pa. 516; Spear v. Ditty, 9 Vt. 283.]

3. An agreement signed by the agent of the lessor of the plaintiff in ejectment, for the sale and conveyance of the land to the defendant, cannot be given in evidence in a trial at law; it is, at most, only evidence of an equitable title.

4. A warrant, survey, and payment of the purchase money, are sufficient to give a legal right of entry in ejectment.

Ejectment for land on the north and west of Ohio and Alleghany rivers, and Conewango creek. The only question which was raised as to the plaintiff's title, was, whether the deed poll from the person in whose name the application was made, to the plaintiff, who obtained the warrants and paid the purchase money, was sufficiently proved; it having been acknowledged before a person who styles himself a justice of the common pleas of the county where the land lies.

THE COURT observed, that a conveyance in this case need not be shown, as was laid down in the case of the lessee of Brown v. Galloway, at the last term [Case No. 2.006]. But, if it were necessary, still the acknowledgment before a man who styles himself a justice of the common pleas, is prima facie evidence that he was such; and it is not necessary for the person who offers a deed so acknowledged, to produce the commission of the justice, or to give any further evidence to prove him to be a justice of the common pleas, until some evidence is given on the other side to render that fact questionable.

The plaintiff proved, that, in 1813, the defendant claimed the land in controversy, resided on it, and had erected valuable mills at the place of his residence. That the year before this suit was brought, the defendant demanded from the agent of the plaintiff's lessor, a deed for this land, still stating it to be the land on which he resided. But there was no positive evidence given of the defendant's possession at the time this ejectment was brought.

The defendant offered in evidence, an agreement signed by the agent of the lessor of the plaintiff, for the sale and conveyance of this land to him; and he relied upon the case of Simm's Lessee v. Irvine. to show that this vested in the defendant a legal title.

THE COURT refused to permit this paper to be given in evidence, as, at most, it was only evidence of an equitable title. The case relied on, falls very far short of this case. It was decided there, that as a warrant, survey and purchase money paid, gave a legal right of entry in ejectment, by the law and practice of this state, it was sufficient to maintain an ejectment in the circuit court of the United States. And even in that case, the compact between Virginia and Pennsylvania was made use of to strengthen the point there decided. This court, however, upon the au-

thority of that case, has uniformly decided that a warrant and survey, and payment of the purchase money, are sufficient to give a legal right of entry in ejectment. But the line of demarkation between legal and equitable titles, has been uniformly observed and strictly enforced in this court. As to the question of the defendant's possession at the time this suit was brought, the court submit it to the jury on the evidence.

Verdict for the plaintiff.